# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2024-0320, <u>State of New Hampshire v. Matthew Rinaldi</u>, the court on August 12, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(3).  The defendant, Matthew Rinaldi, appeals his conviction, following a jury trial, of aggravated felonious sexual assault (AFSA), <u>see</u> RSA 632-A:2, I (Supp. 2024), arguing that the Trial Court (<u>Delker</u>, J.) erred by admitting evidence of a prior alleged threat and assault.  We affirm.

The following facts were found by the trial court in its pretrial order on the admissibility of the challenged evidence or they relate the contents of documents in the record before us.  The defendant was charged by indictment with a single count of aggravated felonious sexual assault alleged to have occurred in Hillsborough County.  The indictment alleged, in relevant part, that the defendant:

> knowingly [engaged] in sexual penetration . . . by placing his fingers between [the victim's] genital opening and threatened to retaliate with physical violence against [the victim], that he would break her fingers, if she reported the sexual penetration and [the victim] had reason to believe [the defendant] would carry out the threat of violence.

The factual allegations underlying that indictment involved a camping trip during which the defendant entered the victim's tent and assaulted her.  The defendant was also charged in Cheshire County with additional sexual assaults of the victim.

The State filed a Rule 404(b) motion, <u>see</u> <u>N.H. R. Ev.</u> 404(b), seeking to introduce evidence related to the alleged assaults in Cheshire County.  At least one of those charges related to an incident during which the defendant allegedly threatened to break the victim's fingers.

The trial court ruled on the State's motion in an order issued the day before the first day of trial.  The order recites factual findings based "on offers of proof made by the lawyers during a chambers conference [that day] and

based on transcripts of [police] interviews of the alleged victim . . . and the defendant." In particular, the court found:

> In [the victim's] interview, the only threat to break her fingers occurred when the defendant demanded that [the victim] masturbate his penis. [The victim] told police that she balled her hand into a fist when the defendant tried to get her to touch his penis. He then threatened to break her fingers if she did not give him a "hand job."

(Citation omitted.) The court also noted that "the State proffered that [the victim] would testify that she succumbed to the digital penetration during the camping trip based on this past threat of violence."

The court generally denied the State's motion, but ruled that the State could introduce evidence of the above-described incident. The court concluded: "it appears that the incident relating to the masturbation and threat to break [the victim's] fingers is intrinsic to the conduct charged in the pending indictment." Following this ruling, the victim testified at trial consistently with the State's proffer.

A jury convicted the defendant and he now appeals, arguing that the trial court erred in ruling that evidence of the Cheshire County incident was admissible as intrinsic to the charged conduct in this case. "We review challenges to the trial court's evidentiary rulings under our unsustainable exercise of discretion standard." State v. Tufano, 175 N.H. 662, 665 (2023). "For the defendant to prevail under this standard, he must demonstrate that the trial court's decision was clearly untenable or unreasonable to the prejudice of his case." Id. (quotation omitted). "Because the trial court ruled upon the admissibility of the challenged evidence before trial, we consider only what was presented at the pretrial hearing. We so limit our review to avoid the pitfall of justifying the court's pretrial ruling upon the defendant's response at trial to the evidence." State v. Nightingale, 160 N.H. 569, 573 (2010) (quotations and citation omitted).

Under New Hampshire Rule of Evidence 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith" although it may "be admissible for other purposes." N.H. R. Ev. 404(b)(1). Rule 404(b), "by its very terms, excludes only extrinsic evidence — evidence of other crimes, wrongs, or acts — whose probative value exclusively depends upon a forbidden inference of criminal propensity." State v. Rouleau, 176 N.H. 400, 405 (2024); 2024 N.H. 2, ¶14. Intrinsic evidence, on the other hand, is not subject to Rule 404(b). Id. at 406; 2024 N.H. 2, ¶15. "Other act" evidence is intrinsic "when the evidence of the other act and the evidence of the crime charged are inextricably intertwined, both acts are part of a single criminal episode, or the

2

other acts were necessary preliminaries to the crime charged." Id. (quotations omitted). "Intrinsic or inextricably intertwined evidence will have a causal, temporal, or spatial connection with the charged crime." Id. (quotations omitted). "Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." Id.

The defendant argues that evidence of the Cheshire County incident is not intrinsic to the charged act here because "[a]s charged, the indictment plainly alleged a threat to retaliate that was made during the commission of the charged offense, not at an earlier time." We are not persuaded. The trial court noted that "the indictment appears to allege a combination of the statutory variants of RSA 632-A:2, I(c) and (d)." Each of those variants requires that the actor coerce the victim to submit to sexual penetration "by threatening." RSA 632-A:2, I(c), (d) (2016). Addressing the variant of AFSA that is now codified as RSA 632-A:2, I(c), we recognized that "the present threat need not be explicit. The threat may be implicit, arising from earlier incidents." State v. Kulikowski, 132 N.H. 281, 285 (1989) (citation omitted). The State's proffer as to the victim's testimony in this case — that she submitted to the campground assault based on the past threat of violence — was consistent with present coercion by an implicit threat based upon an earlier incident. See id.

Thus, as in Kulikowski, evidence of the Cheshire County incident, as the State proffered that it would be used, "constituted evidence of the very threat which coerced the victim during the assault[] in question." Id. at 287. Accordingly, it was not Rule 404(b) evidence:

> Evidence of the prior explicit threat[] was thus not admitted to support an inference of a fact relevant to the case, such as motive, opportunity or intent. The explicit prior incident[] gave rise to the threat, an element of the charged offense, at the time of the assault[].

Id. (citation omitted).

The defendant nevertheless argues that Kulikowski is distinguishable because, in that case, the "indictments specifically alleged the defendant coerced the victim to submit to the assaults by threatening physical violence on 'numerous previous occasions.'" (Quoting id. at 284.) Again, we are not persuaded. Although there appears to be no record of the chambers conference at which the State's motion was discussed, the court's order noted the indictment's imprecision and stated that the court had addressed "the lack of attention to detail . . . in chambers with counsel today." The court directed the State to "clarify . . . which variant [of AFSA] is charged" and further noted that the "defense has not moved to dismiss or sought a bill of particulars."

3

In determining whether the challenged evidence was intrinsic to the crime charged, we decline, on this record, to restrict our inquiry to the language of the indictment. By the State's proffer, defense counsel was made aware of the State's intent to use the challenged evidence to prove the present threat element of the charged offense. There is no indication that the defendant objected that such a use would impermissibly amend the indictment, and we note that the defendant has not made such an argument on appeal.

The defendant further argues that the threat alleged in the Cheshire County incident "was not inextricably intertwined with or part of the same criminal episode or a necessary preliminary to the conduct alleged in the indictment." We disagree. According to the State's proffer, it was the alleged prior threat that compelled the victim to submit to the charged assault. Thus, the prior threat constituted "a material part of the entire course of conduct surrounding the commission of the alleged crime[]." State v. Martin, 138 N.H. 508, 517 (1994). In this case, as in Martin, it would have been impossible for the State to introduce evidence of why the victim submitted to the charged assault "without also introducing some evidence of the basis for [the victim's] fear," id. — namely, the prior incident during which the defendant threatened to break her fingers. For the foregoing reasons, we conclude that the trial court sustainably exercised its discretion in determining that the challenged evidence was intrinsic to the charged offense.

Affirmed.

MACDONALD, C.J., and DONOVAN and COUNTWAY, JJ., concurred.


**Timothy A. Gudas,
Clerk**